UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEONHARDT, ET AL.,

    Plaintiff(s),

v.

ARVINMERITOR, INC., ET AL.,

    Defendant(s).
_____/

Case No. 04-72845

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS' MOTION FOR CHANGE OF VENUE [9]**

The issue before the Court is Defendants' motion for change of venue.[1] Defendants have not met their burden to show that a transfer should occur. The Court therefore DENIES Defendants' motion to transfer this action to the Western District of Pennsylvania or the Northern District of Indiana.

**I.    Factual and Procedural History**

Defendants owned and operated manufacturing plants in New Castle, Pennsylvania; Newton Falls, Ohio; Logansport, Indiana; and Gary, Indiana. (Compl. ¶ 1.) Defendant Rockwell is a Delaware corporation with its principal offices in Milwaukee, Wisconsin. (Id. ¶¶ 10-12.) Defendant ArvinMeritor is incorporated in Indiana and has its principal offices in Troy, Michigan. (Id. ¶ 14.)

---

[1]This case involves the same defendants and similar issues presented in another case before this court. See *Faust v. ArvinMeritor*, Case No. 04-73656 (E.D. Mich. 2004)

There are four named plaintiffs who represent a putative class of over 1,000 individuals. (Id. ¶ 22.)[2] These individuals are retirees (and their spouses and eligible family members) from Defendants' plants in Pennsylvania, Ohio, and Indiana. (Id. ¶ 1.) Plaintiffs were represented by the United Steel Workers of America, AFL-CIO-CLC ("USWA"), who is also a named plaintiff. (Id. ¶ 9.) USWA is located in Pennsylvania. (Id.)

On September 20, 2004, Plaintiffs filed a two count complaint alleging violations of (i) the collective bargaining agreement(s) ("CBA") and (ii) the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants then filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

## II.  Standard of Review

An action can be transferred to another district court only if the original action could have been brought in that court. *See, e.g., Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393, 398 (E.D. Mich. 1994).

> In deciding a section 1404(a) motion, the court must consider the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Id.* (citation omitted).

## III.  Analysis

Defendants make the same arguments about jurisdiction as they did in their motion for change of venue in *Faust*. For the reasons set forth in this Court's order denying

---

[2]Defendants claim, according to their records, the class is 641. It claims that only one lives in Michigan, 405 live in Pennsylvania and 235 live in Indiana. (Defs.' Br. at 6-7.)

transfer in that case, these arguments are without merit. *See Faust*, Case No. 04-73656 (June 2005 Order Denying Transfer). Taking into account that Plaintiff's choice of forum is given some deference, the Court now turns to the factors listed above.

### A.  Convenience of the Parties

The parties are spread out in different states. Defendants argue that Pennsylvania or Indiana would be more convenient for Plaintiffs. This argument is not given much weight, however, as Plaintiffs did not choose to bring suit in either of those states. Looking at all the parties in this action, Michigan is not more inconvenient than any other forum. Thus, this factor does not support a transfer.

### B.  Convenience of the Witnesses

As the Court pointed out in *Faust*, it is unclear who are the likely witnesses. At oral arguments, however, Defendants pointed to a number of their current and former employees as well as current and former members of the USWA. Like the parties, these individuals are scattered throughout the country. Four are in Michigan; three are in Pennsylvania; none are in Indiana. Michigan is as convenient as any other forum. Thus, this factor also does not weigh in Defendants' favor.

### C.  Access to Evidence

Other than witness testimony, it is not known what evidence will be presented and where it is located. In other words, it is likely that the evidence will be as accessible from Michigan as any other location.

   **D.  Availability to Compel and Cost of Obtaining Witnesses**

While some witnesses will fall outside the 100-mile subpoena limit of this Court, this will be true if the action is transferred to Pennsylvania or Indiana.

   **E.  Interests of Justice**

Plaintiffs argue that this case should be tried in the same district as two other cases pending before this Court: *Cole v. ArvinMeritor*, Case No. 03-73872 (E.D. Mich. 2004) and *Faust v. ArvinMeritor*, Case No. 04-73656 (E.D. Mich. 2004).  They further claim that a transfer would violate their First Amendment right to collaborate with the plaintiffs in these cases.  It is doubtful that any transfer would impede Plaintiffs' Constitutional rights–they could collaborate regardless of where the case is tried.  Nonetheless, there are practical reasons for trying these cases in the same district, before the same judge.  For instance, one judge could correlate and oversee discovery matters, the overlapping witnesses could be deposed by the same attorney on the same date, etc.  Thus, based on this factor, transfer is not appropriate.

**III.  Conclusion**

Because Defendants have failed to meet their burden to show that this action should be transferred to the Western District of Pennsylvania or the Northern District of Indiana and because there are practical reasons for this case to be tried in this District, Defendants' motion for change of venue is DENIED.

   SO ORDERED.

   s/Nancy G. Edmunds
   Nancy G. Edmunds
   United States District Judge

Dated: June 30, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2005, by electronic and/or ordinary mail.

        <u>s/Carol A. Hemeyer                     </u>
        Case Manager