UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEONHARDT, LAWRENCE M. FIRMANI,
and SAM CARUSO, for themselves and others similarly
situated, and UNITED STEELWORKERS OF AMERICA,
AFL-CIO-CLC,

    Plaintiffs,                          Case No. 04-CV-72845

v.

                                          U.S. District Judge Nancy G. Edmunds

ARVINMERITOR, INC.; NORTH AMERICAN
ROCKWELL CORPORATION; ROCKWELL
INTERNATIONAL CORPORATION;
and ROCKWELL AUTOMATION,

    Defendants.
_____/

**ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

Plaintiffs and class representatives Robert Leonhardt, Lawrence M. Firmani, and Sam Caruso, and Plaintiff United Steelworkers of America, AFL-CIO-CLC, now called the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW") brought this certified class action against defendants ArvinMeritor, Inc., North American Rockwell Corporation, Rockwell International Corporation and Rockwell Automation, challenging the modification and cancellation of health care benefits for retirees, who retired from USW-represented bargaining units at defendants' plants in Indiana, Ohio, and Pennsylvania, and for their eligible dependents and surviving spouses.

The parties entered into a Settlement Agreement to resolve this action and filed a joint

motion seeking preliminary approval of that Settlement Agreement and seeking an order approving notice to the class in the form and manner proposed by the parties. (Docket 46). The Court granted that motion on August 6, 2006, preliminarily approving the Settlement Agreement, approving the class notice, setting a September 15, 2008 objection deadline, and scheduling a fairness hearing for October 7, 2008. (Docket 47).

The Court conducted the fairness hearing on October 7, 2008, determined that appropriate notice was sent to the class pursuant to the Court's August 6, 2008 order and Fed. R. Civ. P. 23(c)(1), considered the approval motion and other submissions by the parties (Docket 50), considered the one objection filed by a class member, and the parties' responses and, otherwise being fully advised, for the reasons detailed in the Court's Findings of Fact and Conclusions of Law (Docket 51), finds that the Settlement Agreement provides for a settlement that is fair, reasonable and adequate, approves the settlement, and enters judgment accordingly, as set out below.

1.	The class, certified by the Court on February 9, 2006 pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and (2), "consists of approximately 1,000 retirees who retired from USW-represented collective bargaining units at defendants' plants in Indiana, Ohio, and Pennsylvania who receive or who have received retiree health benefits from or through one or more defendants and, in addition, the retirees' spouses, other eligible dependents, and surviving spouses who receive or have received health benefits from or through one or more defendants." (Docket 39).

2.     The Settlement Agreement (Docket 46, Ex. 1) is approved in its entirety pursuant to Fed. R. Civ. P. 23(e) as fair, reasonable, and adequate, and all plaintiffs' claims against defendants in this lawsuit are fully and finally resolved in accordance with the terms of the Settlement Agreement.

3.     Class Representatives' motion for attorney fees and expenses (Docket 48), made consistent with Settlement Agreement (Docket 46, Ex.1, ¶17), was granted with regard to the fees and expenses sought through June 30, 2008 as detailed by a separate order.  (Docket 52). Pursuant to the procedure described in the approved notice to the class (Docket 46, Ex. 2, ¶4e; Docket 47) and in the motion for attorney fees and expenses (Docket 48), class counsel may file supplemental requests for fees and expenses for time and expenses incurred from July 1, 2008 through the conclusion of the settlement process and implementation of the Settlement Agreement and the Court will address and rule on those supplemental requests at a later date.

4.     This action is finally resolved, provided that, pursuant to its authority under the Federal Rules of Civil Procedure and the Settlement Agreement (Docket 46, Ex. 1, ¶¶17 and 25), the Court retains exclusive jurisdiction to resolve post-judgment matters and any disputes arising out of the Settlement Agreement or the enforcement, interpretation, or implementation of the Settlement Agreement and the Trust Agreement and this order and judgment.

                                                                   _s/ Nancy G. Edmunds_____
                                                                   UNITED STATES DISTRICT COURT JUDGE

October  7, 2008