UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEONHARDT, LAWRENCE M. FIRMANI,
and SAM CARUSO, for themselves and others similarly
situated, and UNITED STEELWORKERS OF AMERICA,
AFL-CIO-CLC,

    Plaintiffs,                                Case No. 04-CV-72845
v.                                             U.S. District Judge Nancy G. Edmunds

ARVINMERITOR, INC.; NORTH AMERICAN
ROCKWELL CORPORATION; ROCKWELL
INTERNATIONAL CORPORATION;
and ROCKWELL AUTOMATION,

    Defendants.
_____/

**ORDER**
**GRANTING SUPPLEMENTAL MOTION FOR APPROVAL**
**OF FEES AND EXPENSES**

Plaintiffs and class representatives Robert Leonhardt, Lawrence M. Firmani, and Sam Caruso, for themselves and on behalf of the certified class, having filed a Supplemental Motion For Approval of Attorney Fees And Expenses (Docket 55) pursuant to (1) Fed. R. Civ. P. 23(h) and 54(d) and Section 502(g)(1) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132(g)(1); (2) the Settlement Agreement entered into by the parties and approved by the Court as fair, reasonable and adequate pursuant to Rule 23(e) (Docket 51); and (3) the October 10, 2008 Corrected Opinion and Order Granting Motion for Attorney Fees and Expenses (Docket 54), and the Court having considered the supplemental motion and the supplemental declaration and exhibits accompanying that motion, and being otherwise advised, the Court grants the supplemental motion and finds and orders as follows:

1. "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement" upon motion under Rule 54(d)(2), subject to Rule 23(h) procedures. Fed. R. Civ. P. 23(h).

2. In ERISA actions by a "participant" or a "beneficiary," the court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." Employee Retirement Security Act Section 502(g)(1), 29 U.S.C. §1132(g)(1); *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 2000 WL 33321350 (E. D. Mich.) at *3 (Edmunds, J.).

3. Attorney fee awards may be determined by the "lodestar approach" which entails calculation of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 2000 WL 33321350 (E. D. Mich.) at *5 (Edmunds, J.), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

4. A reasonable hourly rate is determined according to the "prevailing market rates in the relevant community." To ascertain that community, district courts "are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases." *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 2000 WL 33321350 (E. D. Mich.) at *5 (Edmunds, J.), citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. Appx. 730, 740 (6th Cir. 2002); *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

5. "The court must ensure that class counsel are fairly compensated for the amount of work done and the results achieved. ... The core inquiry is whether the award is reasonable under the circumstances. ... [T]here is a public interest in ensuring that attorneys willing to represent employees in ERISA litigation are adequately paid so that they and others like them will continue to take on such cases. Adequately compensatory fee awards in successful class actions promote private enforcement of and compliance with important areas of federal law. ... An ERISA case involves highly-specialized and complex areas of law." *Rankin v. Rots*, 2006 WL 1791377 (E.D. Mich.) at *1-3 (Cohn, J.) (citations omitted).

6. This case and other recent fee awards in ERISA retiree health benefit class action settlements in the Eastern District of Michigan approved rates of $475 per hour for lead and experienced class counsel and $125 per hour for law clerks and paralegals. See Docket 54, ¶¶6, 8 and 9; *UAW v. General Motors Corp.*, U.S.D.C., E.D. Mich. no. 07-cv-14074 (July 31, 2008 order); *UAW v. Ford Motor Co.*, U.S.D.C., E.D. Mich. no. 07-cv-14845 (July 7, 2008 order); *UAW v. Chrysler, LLC,* U.S.D.C., E.D. Mich. no. 07-cv-14310 (May 16, 2008 order).

7. Here, class counsel reasonably devoted and appropriately documented work hours connected to the prosecution and completion of this action during the period not covered by the Court's previous order granting attorney fees and expenses, principally representing work done after June 30, 2008, as follows: 301.80 attorney hours and 59.50 paralegal hours.

8. As previously determined (Docket 54, ¶¶6 and 8), a rate of $475 per hour for class counsel is reasonable and warranted for Stuart M. Israel, William T. Payne, and Renate Klass, and that rate is also reasonable and warranted for David M. Fusco.

9. As previously determined (Docket 54, ¶¶6 and 9), a rate of $125 per hour for paralegals assisting class counsel is reasonable and warranted.

10. Plaintiffs reasonably spent and appropriately documented costs and expenses in the prosecution of this action for the period July 1, 2008 through April 2009 in the amount of $3,061.79.

11. The supplemental fees and expenses requested totaling $153,854.29 are reasonable, warranted, approved and allowed. Pursuant to the Settlement Agreement (Docket 46, Ex. 1, ¶17), class counsel is authorized to withdraw this approved amount from the reserve funds and appropriately distribute it.

                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: April 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 30, 2009, by electronic and/or ordinary mail.

                        s/Carol A. Hemeyer
                        Case Manager